### ADA MILLING CO. v. ORR et al.
### No. 6089.

Court of Appeal of Louisiana.
Second Circuit.
April 4, 1940.

Arthur C. Watson, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellees.

DREW, Judge.

Plaintiff instituted this suit on a promissory note in the amount of $1,000, with 6% interest thereon from October 14, 1936, until paid, less a number of credits thereon amounting to $302.38.

The defense is that, by the payment of money and services rendered, defendant has overpaid the note by $100, and reconvened for that sum.

The lower court awarded judgment on the note as prayed for, less credits amounting to $608.80. Plaintiff has perfected an appeal from that. judgment.

It is admitted that the note was made and executed by defendant to plaintiff. The only question before us is how much credit defendant is due on the note.

A representative of plaintiff, who either keeps the books of the concern or supervises the keeping of them, testified that the credits set forth in the petition are all the credits due defendant on the note. However, defendant claims other credits, but his testimony is very vague and uncertain, and it was shown by his cross-examination that his memory was faulty. No doubt defendant was confused as to what indebtednesses the payments made by him were to apply. Besides the $1,000 note, he owed plaintiff an open account, and some of the credits claimed by him on the note had been given him on the open account. This is plainly shown by the receipts which he filed in evidence.

The briefs filed by counsel have not been a source of much help to us in arriving at the correct amount of credit due. There is no merit nor evidence to establish that defendant was entitled to any additional credits for drayage or hauling for plaintiff. We have studied his testimony carefully and are convinced he has received credit for all he paid to plaintiff and that it was credited properly, that is, what should have been credited on the open account was so credited and what should have been credited on the note was likewise credited there. We have taken all the receipts offered by defendant and separated them, that is, those which state "on account" from the others and we find that the amount of all credits on the note is $311.71.

It therefore follows that the judgment of the lower court is amended by reducing the credits allowed on the note from $608.80 to $311.71, and as amended, the judgment is affirmed, with the costs of both courts to be paid by defendant.